Curia, per Evans, J.
In relation to notes payable on demand, it is well settled, the maker is bound to pay immediately, he is not even entitled to days of grace. The holder may sue on the same day the note is made. A demand by his writ is sufficient. Whenever the plaintiff may sue the defendant, a cause of action has accrued to him, and from that time the statute of limitations begins to run. The case is not like that of sheriffs and other agents, who are not in default until they refuse to pay the money, and conse *247 quently the statute does not begin to run until after demand. But it is unnecessary to discuss this question, as it is conceded to be the settled law both of England and of this State, that the statute of limitations commences to run from the date of a note, payable on demand. This was decided by the Appeal Court at Columbia, a few years ago, in a case, the name of which I have been unable to ascertain. It was contended in this case, that as this note is without date, it should be governed by a different rule'. I do not perceive any reason for this distinction. A note, like a deed, is nothing until it is delivered. Its legal efficacy as a contract, commences with delivery, and the maker is bound to pay immediately. It follows from this, that if no action be brought within four years after the note has been delivered, the statute of limitations is a bar to the action. The motion for a new trial is therefore granted.
Note. — A note payable on demand is not entitled to days of grace, but an action maybe immediately brought'without any other demand being made. Cammer ads. Harrison, 2 M'Cord. Rep. 246.
Where a promise is made to pay a debt, indefinitely as to time, the statute of limitations begins to run from the time of the promise. — Admrs. of McDowall v. Ex'ors. of Goodwyn, 2 M. Con. Rep. 441.
If a promissory note be made payable upon demand, it seems that no express demand is necessary; and consequently that the limitation commences from the date of the note. — Chitty on Cont. 636. S. P. 4. Pick. 488. 7 Har. & John, 14. 1 Har. & Gill. 439. R.
De Treville, for the motion.
Martin, contra.
Gantt and Butler, Justices, concurred. Earle, J., absent at the hearing, but concurred in the judgment.